JAMES A. HERRIN *et al.*, APPELLANTS, vs. W. M. BROWN, SHERIFF OF HOLMES COUNTY, *et al.*, APPELLEES.

HOMESTEAD EXEMPTION—HEAD OF FAMILY LEFT WITHOUT FAMILY LOSES HOMESTEAD—PLEADING CONSTRUED MOST STRONGLY AGAINST PLEADER.

1. Where all the children of a father and mother have arrived at their majority and have permanently departed from the home of their father, permanently severing their connection with his roof-tree as members of his immediate family and household, and permanently making

Herrin et al. v. Brown, Sheriff, et al.—Opinion of Court.

their homes elsewhere, apart from his parental care, guidance, authority and protection, permanently leaving no one to constitute the family under the headship of the father but his wife, their mother, and the mother dies leaving the father as the sole remaining member of the former family, such father, under these circumstances, ceases, upon the death of his wife, to be the head of a family within the contemplation of our constitution, and his former homestead ceases to be exempt to him under the constitution.

2. A pleading is to be construed most strongly against the pleader thereof.

This cause was decided by Division A.

Appeal from the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the Court.

*C. M. Jones* (with whom was *William Roberts* on the brief) for Appellants.

*Francis B. & Jno. H. Carter,* for Appellees.

TAYLOR, C. J.

This cause being reached for final disposition was heretofore referred by the two qualified members of the court to its commissioners for investigation who reported the same recommending affirmance. Upon consideration of the case, upon the abstracts of the record upon which it has been submitted, by Division A of the court, it finds that the appellants as complainants below filed their bill and amended bills in the Circuit Court of Holmes county,

Florida, as the children and heirs at law of J. R. Herrin, deceased, to restrain and enjoin the sheriff of said county from levying upon and selling certain land in said county alleged to have been the homestead of their ancestor, the said J. R Herrin, under a judgment recovered in Jackson county, Florida, in favor of one Peter Gillette, one of the appellees and defendant below, against Marius Herrin as administrator of the estate of said J. R. Herrin, deceased, and to have said land adjudged to be exempt to them from forced sale under said judgment and execution under the constitution and laws of Florida, as the heirs at law of said J. R. Herrin, under a judgment received in Jackson was patented to said J. R. Herrin by the United States as a homestead and that it comprises less than one hundred and sixty acres of land; that said J. R. Herrin resided continuously on said land as his homestead with his wife from before the time of issuance of said patent until his death, and had no other home and claimed no other; that a few months before the death of said J. R. Herrin his wife died, his children having all reached their majority, and were living away from him, leaving the said J. R. Herrin, at the time of his death living on said homestead without wife or child; that at the time of his death he was temporarily absent from said homestead on a visit to Marius Herrin in Escambia county, paying a visit to him. Temporary injunction was granted. To the bill as amended the defendants interposed a general demurrer for want of equity in the bill, and upon the ground that it was not sufficiently alleged in said bill that J. R. Herrin was, at the time of his death, the head of a family. Upon argument this demurrer was sustained by the court, and upon the complainants announcing that they did not desire to amend their bill further, said bill was dismissed at

the cost of complainants. From this decree the complainants have taken this appeal, assigning as error the decree of the court sustaining the defendants' demurrer and dismissing the bill.

The abstract of the record is very meagre in its statements of the allegation of the bill, and from these allegations it does not appear with clearness and definiteness whether all of the children of the said J. R. Herrin were living *permanently* away from him in homes of their own. If any one or more if his children, though having reached their majority, and though temporarily absent, still retained their status as members of his immediate family, making his home their permanent home as members of his family, we are inclined to think, though without deciding, that J. R. Herrin would still have continued to be the head of a family after the death of his wife, and as such entitled to his homestead exemption, as was held in substance in the case of DeCottes v. Clarkson, 43 Fla. 1, 29 South. Rep. 442. But if the allegations of the bill, as set out in the abstract of the record, are to be construed as meaning that all of his children, having arrived at their majority, had *permanently* departed from the home of their father, permanently severing their connection with his roof-tree as members of his immediate family and household, and permanently making their homes elsewhere, apart from his parental care, guidance, authority and protection, permanently leaving no one to constitute the family under the headship of J. R. Herrin but himself and wife, then, upon the death of his wife, the said J. R. Herrin ceased to be the head of a family, and his former homestead lost its status as a homestead under our constitution, and was no longer exempt from forced sale for

50 S. C.

his debts. Under the rule that a pleading is to be construed most strongly against the pleader, we think that the allegations of the bill must be held to mean that all of the children of the said J. R. Herrin had permanently severed their status as members of his immediate family and household, and had permanently taken up their abode elsewhere, and that consequently, upon the death of his wife, J. R. Herrin ceased to be such head of a family within the contemplation of our constitution as to entitle him longer to a homestead exemption. The complainants were in a position where the onus was on them to show clearly, if they could, that the property claimed to be exempt as the homestead of their ancestor, was in law and fact so exempt, and it behooved them to allege every fact clearly and definitely that was necessary to make out their case of alleged homestead exemption; having failed to do so, but, on the contrary, by vague and indefinite allegations, presenting a case where there was no exemption, the demurrer to their bill was properly sustained.

Again, the bill makes an indefinite effort to show that the land in question was the homestead of J. R. Herrin by homestead entry thereof under the laws of the United States, and under such Federal laws were exempt to him, but the bill from this view point also fails to make out a case, because it is wholly silent as to whether the debt forming the basis of the judgment sought to be enforced by sale of the land was contracted prior or subsequently to the land in question.

The decree appealed from is hereby affirmed at the cost of the appellants.