LILLIE WHIDDEN, as Administratrix of the Estate of T. G. Albritton, deceased, v. VASTIA ABBOTT, *et al.*

168 So. 253.
Division B.
Opinion Filed May 14, 1936.

*W. W. Whitehurst,* for Appellant;
*Leitner & Leitner,* for Appellees.

BUFORD, J.—In this case the only question is whether or not the home and lands occupied by T. G. Albritton at the time of his death possessed the character and attributes of a homestead exempt from sale under execution under the provisions of Section 1 of Article X of the Constitution.

The record shows that T. G. Albritton prior to January, 1929, lived with his wife on the homestead belonging to him in Hardee County, Florida. In January, 1929, Mrs. Albritton died. Mr. Albritton and his wife were old people. All of their children had grown up, married and moved away, establishing homes of their own.

The status of the homestead then at the death of Mrs. Albritton was exactly like that which obtained and was under consideration in the case of Herring, *et al.,* v. Brown, 44 Fla. 782, 33 Sou. 522, in which case this Court held that on the death of the wife the former homestead ceased to be exempt to the husband who survived the wife, the death of the wife having occurred after all the children had permanently left the parental roof. Therefore, on authority of the opinion and judgment in that case the former homestead of T. G. Albritton immediately upon the death of his wife ceased to be exempt from forced sale under provisions of Section 1 of Article X of the Constitution.

The contention in the instant case, however, is that the homestead status was revived because of the fact that several years after the death of Mrs. Albritton a son of Mr. and Mrs. Albritton who had for 17 years been living away from his parents and was the head of a family consisting of a wife and four children and who was a poor man and earned a meager living by preaching the gospel, moved into the home of his father and continued to live there with his family until the death of the father.

In the case of Johns v. Bowden, *et al.,* 68 Fla. 32, 66 Sou. 155, this Court defined what is necessary to constitute the head of a family under the provisions of Section 1 of Article X of our Constitution as follows:

"To constitute a 'head of a family' there must be at least two persons who live together in the relation of one family,

and one of them be 'the head' of that 'family.' When the natural relation of husband and wife or parent and child, or that of being in *loco parentis,* does not exist, the relation should be one in which an established and continuing personal authority, responsibility and obligation actually rests upon one as 'the head of a family' for the welfare of the others who in law should or in fact do recognize and observe a family relation to the one as 'the head of a family.'

We do not think the facts are sufficient to establish the existence of a condition which would revive the homestead character of the property involved.

The record discloses no evidence showing that the son, who was the husband and father of the family who moved into the home of T. G. Albritton, abdicated his position as the head of that family, or that his father, T. G. Albritton, ever assumed the responsibility of the support and maintenance of that family. The most that the record shows is that the son, with his family, moved into his father's home for the purpose of providing a shelter for his wife and children and also take care of the aged father; that it was an arrangement for the mutual benefit of all parties concerned.

This son testified that he considered his father the head of the family, but he did not testify to such a state of facts as would in law constitute the father the head of the family such as is contemplated by the provisions of Section 1, Article X, of the Constitution.

Therefore, the decree should be reversed.

It is so ordered.

Reversed.

Ellis, P. J., and Terrell, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.