**W. L. SHAMBOW, JOHN P. SHAMBOW, MARY J. SHAMBOW and L. G. SHAMBOW, v. GEORGE H. SHAMBOW.**

15 So. (2nd) 836            June Term, 1943
December 7, 1943          Special Division B

*G. P. Garrett* and *Lawrence Rogers,* for appellants.
*E. W. & R. C. Davis,* for appellee.

ADAMS, J.:

Suit for partition was filed by four of the five children of Mary L. Shambow against the fifth to divide the home place of the mother. The chancellor held that Mary L. Shambow was not the head of a family.

In 1927 the property was vested in Mary L. Shambow and her husband, Levi Shambow, in an estate by the entireties, at which time the husband died. The survivor continued to make her home on the property alone. All five children re-

sided outside the State. The mother was aged and infirm and procured her son, the appellee, to come and live with her.

Appellee abandoned his home and with his wife moved into the home of his mother. He resided there for about ten years until his mother's death, during which period he attended to all of his mother's business and gave her every attention that an affectionate and dutiful son should. He also contributed financially to the household expenses. He came to look after his mother under a promise. he had made to his father in the latter's lifetime. His mother also promised him compensation at the rate of $500.00 per annum, payment to be made out of the estate (uncertain whether payment was to be from the mother's or father's estate) after her death.

We have held that when the relation of husband and wife, or parent and child, does not exist, the "head of the family" under the Constitution would not be recognized except where an established and continuing personal authority and responsibility was shown to exist as between the parties. Dania Bank v. Wilson & Toomer Fertilizer Co., 127 Fla. 45, 172 So. 476; Johns, et al., v. Bowden, et al., 68 Fla. 32, 66 So. 155; Whidden v. Abbott, et al., 124 Fla. 293, 168 So. 253.

The chancellor was warranted in finding from the evidence that appellee's mother exercised no personal authority or supervision over appellee except to approve or disapprove of action taken by him while attending to her business. There was no showing that appellee abandoned his relation as the head of his own family consisting of himself and wife.

We have not overlooked the contention that appellee is estopped to dispute the homestead character of the property because he is acquiesced in his mother's claim of homestead exemption from taxation. This was a circumstance which did not sufficiently convince the chancellor. When the evidence is viewed in its entirety, we cannot say that the decree is erroneous.

Affirmed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.