TERRELL, Justice.
This appeal is from a decree of the Circuit Court of Palm Beach County affirming an order of the Probate Court holding that the home of Louisa Sheaf was her homestead and descended to her son, Carl Klose, by a former marriage, as her sole heir at law.
The property involved was purchased jointly by Mr. and Mrs. Sheaf in 1945. It was their home till Mr. Sheaf died in 1950. Mrs. Sheaf continued to live on the property as her home till her death in August 1951. No children were born to the Sheafs. Appellee never lived on the property as a member of the Sheaf family. March 2, 1951, he moved into his mother’s home and lived there about thirty days, during which time he was separated from his fourth wife. April 1st he went to Michigan with friends who took him at his mother’s request and at her expense. . Fpr all the record shows these contributions were gratuities and in no sense were they intended as support for a dependent. There is no showing whatever that when appellant moved in with his mother he did so with the intention of making it his home, that he indicated such an intent to his mother and that she accepted him as a dependent. When he returned to Florida after his mother’s death and applied for letters of administration, he did not give his mother’s home as his place of residence.
To be a homestead under the Constitution it must be shown that there was a fixed purpose on the part of the mother to so convert it and that appellee moved in with the intent of making it his home. Herrin v. Brown, 44 Fla. 782, 33 So. 522. There must be showing as to these material facts to create a homestead under the constitution. There was a complete failure of such showing in this case. We do not discuss In re Estate of Sheaf, Fla., 63 So.2d 255, except to say that if it does not rule this case the evidence before us fails completely to show that a homestead was created in favor of Mrs. Sheaf. Pasco v. Harley, 73 Fla. 819, 75 So. 30; Lanier v. Lanier, 95 Fla. 522, 116 So. 867; Drucker v. Rosenstein, 19 Fla. 191.
The judgment appealed from is accordingly reversed.
Reversed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.