240 So.2d 514 (1970)
In re ESTATE of Eugenia L. WILDER, Deceased.
Joe Paul WILDER, Daniel Eugene Wilder and Patricia Louise Wilder Nulsom, Appellants,
v.
Harry H. MITCHELL, Executor of the Estate of Eugenia L. Wilder, Deceased, Appellee.
No. M-47.
District Court of Appeal of Florida, First District.
September 24, 1970.
Marion D. Lamb, Jr., and W.K. Whitfield, Tallahassee, for appellants.
Harry H. Mitchell, Mitchell & Mitchell, Tallahassee, for appellee.
SPECTOR, Judge.
Appellants seek reversal of a summary judgment in the Leon County Judge's Court determining that certain property owned by their grandmother at the time of her death was not homestead within the meaning of Section 1, Article X, Florida Constitution *515 of 1885, and Section 731.05, Florida Statutes, F.S.A., and was therefore subject to being devised by will.
The question posed in this appeal is the correctness of the lower court's finding that the decedent, Eugenia L. Wilder, was not the head of a family residing in her home. Section 731.05(1), Florida Statutes, F.S.A., provides as follows:
"(1) Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads."
The decision below was predicated upon the court's view that Mrs. Wilder was not the head of a family as reflected in the following excerpt from the final order:
"* * * the said Eugenia L. Wilder was not the head of a family residing upon said property at the time of her death in that the testimony affirmatively shows that there was no legal or moral duty of the said decedent to support or maintain her grandson, Joseph Paul Wilder, and his wife and child. Testimony further reflects that the said grandson was gainfully employed and not dependent upon his grandmother for support or maintenance. * * *"
Cross motions for summary judgment were filed based upon the pleadings, admissions, depositions and affidavits on file and resulted in the judgment appealed herein.
Appellants contend in a dual thrust that the evidence shows that the decedent was the head of a family for the purpose of determining homestead and, secondly, that the evidence presented on behalf of appellants created a genuine issue of material facts on the question to be decided so as to render a summary disposition by the lower court inappropriate.
Appellees argue in opposition that the court was correct in its determination and contend that as to the facts which were material to the issue of family headship, there was no conflict so as to preclude summary disposition. We agree with appellees and affirm.
At the time of decedent's death, her grandson, appellant Joe Wilder, his wife and child of only a few months, lived together in her home. Decedent was receiving $56.00 social security payments per month and occasionally received an undisclosed amount from the sale of some land in which she had an unspecified interest. Joe Wilder was gainfully employed. So was his wife except for the period when she ceased working to have her baby.
Appellant relies heavily upon that portion of the record by which he stated that his grandmother, the decedent, was "in charge of her family" consisting of the decedent, her grandson, Joe Wilder, his wife and child.
Such reliance invokes the rule recognized in Solomon v. Davis, Fla., 100 So.2d 177, which sets out as one of the tests for determining family headship for homestead purposes as a continuing communal living by at least two individuals under circumstances that one is recognized as the one in charge. The Solomon case set forth an additional test predicated upon the existence of a legal duty to maintain [the alleged dependents] arising out of the family relationship at law. Apparently, no contention is made by appellant that the decedent owed a legal duty to maintain her grandson and his family by reason of the blood relationship.
Much has been written concerning the tests to be invoked in determining homestead for probate purposes. The tests invoked in all of the cases seem the same. The facts in each case must be examined *516 separately to determine the outcome. We think the court's decision in Brady v. Brady, Fla., 55 So.2d 907, involved facts materially analogous to those in the case at bar to serve as controlling precedent. In Brady, the father and son lived together after the death of the mother. Thereafter the son married and he and his family continued to live in the father's home. Two children were born to the son and his wife. The son being able-bodied assumed responsibilities as head of his own family by supporting himself and his family and used his own income to look after his wife and children. In holding that the father was not the head of a family consisting of himself and his son's family, the court stated at page 908:
"In a situation such as this wherein the son became the head of his own family we are not constrained to hold that he could at the same time continue to be a member of his father's family of which the father might be said to be the head. * * *"
On page 909, the court concluded:
"* * * The evidence abundantly supports the conclusion that before the father's death he ceased to be the head of a family."
It is clear from Mr. Wilder's own deposition that he considered himself the head of his family consisting of himself, his wife and children. There is no issue of fact on this raised by the depositions or affidavits. Although the grandson testified that he considered his deceased grandmother the head of the family, the record does not contain such a state of facts as would in law constitute the grandmother the head of a family such as is contemplated by the applicable constitutional and statutory provisions. See Whidden v. Abbott, 124 Fla. 293, 168 So. 253 (1936); Dania Bank v. Wilson & Toomer Fertilizer Co., 127 Fla. 45, 172 So. 476; Shambow v. Shambow, 153 Fla. 760, 15 So.2d 836.
Appellant having failed to demonstrate that the lower court's determination that the decedent was not the head of a family is erroneous, the judgment reviewed herein is
Affirmed.
JOHNSON, C.J., and WIGGINTON, J., concur.