PER CURIAM.
Victor Zimmerman, a judgment creditor, appeals from an order of the trial court which determined that a certain residence was the exempt homestead of his judgment debtor, Ramona D. Borovicka. The determinative issue is whether Mrs. Borovicka qualified as “head of a family” within the meaning of Article X, Section 4 of the Florida Constitution. We find that she did not and reverse.
The facts were stipulated in the trial court and are not in dispute. Mrs. Borovic-ka is divorced and resides in her residence with the aunt of her former husband. She still regards the aunt as a relative. Her 31 year old son also stays with them from time to time, but his occasional presence is not significant in the determination of this case. Mrs. Borovicka’s claim that she is the head of a family is based upon the fact that she maintains the residence both for herself and her “aunt” who is elderly and unable to care for herself. Mrs. Borovicka is a nurse and takes care of her “aunt,” who pays no rent but does pay for her food and care.
We conclude that these facts fail to establish that Mrs. Borovicka is the head of a family. She is to be commended for providing care to an elderly person, but she has no legal or moral obligation to care for her former husband’s aunt and she can terminate the relationship at any time she desires. In re Estate of Kionka, 113 So.2d 603 (Fla. 2d DCA 1959).
REVERSED and REMANDED.
ALDERMAN, C. J., and CROSS and MOORE, JJ., concur.