390 So.2d 178 (1980)
Willie Freeman SMITH, Petitioner,
v.
The Honorable James R. STEWART, Judge of the 15TH Judicial Circuit, Richard P. Wille, Sheriff in and for Palm Beach County, and Henrietta Mason, Respondents. Willie Freeman Smith, Appellant,
v.
Henrietta Mason and Fred Mims, Appellees.
Nos. 77-2414 to 77-2416.
District Court of Appeal of Florida, Fourth District.
November 19, 1980.
*179 Jeff Tomberg and Joseph Tomberg of Law Offices of Tomberg & Woolley, P.A., Boynton Beach, for appellant/petitioner.
Edward C. Castagna, Jr., of Lavalle, Wochna, Rutherford, Maher & Truesdell, P.A., Boca Raton, for appellee/respondent Mason.
GLICKSTEIN, Judge.
Having consolidated three proceedings, a petition for certiorari, final appeal, and an interlocutory appeal, we now affirm the trial court's order denying appellant's motion to abate a sheriff's sale.
The record discloses that Henrietta Mason, appellee, obtained a judgment for tort damages in the sum of $100,000 on May 11, 1977, against Willie Freeman Smith. On September 28, 1977, Ms. Mason obtained a writ of execution. A sheriff's sale of Smith's real property was scheduled for November 18, 1977. On October 24, 1977, Smith filed a motion to abate the sale on the ground that the property was exempt as homestead, pursuant to Article X, Section 4(a)(1), Florida Constitution. His affidavit filed in support of the motion asserted (1) that he was the owner of the property; (2) that he was married, had one child[1], and resided on the property with his wife and child; and (3) that he had filed for homestead exemption. He set his motion for hearing on the November 15th motion calendar; and the time for argument was limited to ten minutes by administrative order of the trial court.
At the hearing the trial court orally denied the motion, which order was reduced to writing on November 17th. Smith's motion for rehearing was denied on December 5, 1977. Execution has been subsequently stayed by Smith's having filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of Florida.
*180 Smith asserts two points on appeal:
I. The trial court should have concluded that his property was exempt from forced sale as homestead.
II. The trial court's limitation of the time for hearing upon his motion to abate deprived appellant of adequate representation of counsel and his right of access to the courts.

I
In order for appellant to establish that his property was exempt from forced sale as homestead, it was incumbent upon him to prove he was the head of a family. Article X, Section 4(a)(1), Florida Constitution. To be accorded head of a family status, one must be legally or morally obligated to support the other family members. Beck v. Wylie, 60 So.2d 190 (Fla. 1952); cf. Solomon v. Davis, 100 So.2d 177 (Fla. 1958); Shambow v. Shambow, 153 Fla. 760, 15 So.2d 836 (1943).
While there was no testimony taken at the hearing on appellant's motion, it is uncontradicted that there had never been any ceremonial marriage between appellant and the woman he described in the affidavit as his wife. Therefore, to demonstrate his status as head of a family at law, appellant was obliged to prove his common law marriage by establishing two essential elements: an actual, mutual agreement by the parties to marry, Jordan v. Jordan, 89 So.2d 22 (Fla. 1956); and entry into the marriage prior to January 1, 1968, Section 741.211, Florida Statutes (1979).
There was woefully insufficient evidence of the first element. Appellant's affidavit merely recites:
2. I am married and have one minor child, both of whom reside with me at said afore-described address.
Further, appellant's deposition, to which the trial court referred at the hearing, reflected appellant's only having testified: "If you live with a woman for more than six months you are married to her, so, I guess I am." Although it is unnecessary to consider the second element because the first was not proven, we note that there was a question whether the relationship commenced in late 1967 or early 1968.
To establish a "family in fact," appellant was required to prove he had a moral obligation to support and care for the woman and her child with whom he was living. Zimmerman v. Gardner, 355 So.2d 157 (Fla.4th DCA 1978); In re Kionka's Estate, 113 So.2d 603 (Fla.2d DCA 1959), affirmed 121 So.2d 644 (Fla. 1960). We recognize that dicta in several cases has referred to the "family in fact," defined as "a continuing communal living by at least two individuals under such circumstances that one is regarded as the person in charge,"[2] as entitled to the benefit of the homestead exemption. See, e.g., Cory v. Parks, 386 So.2d 292 (Fla.2d DCA 1980); Brown v. Hutch, 156 So.2d 683 (Fla.2d DCA 1963); 16 Fla. Jur., Homesteads § 27 (1957); Crosby and Miller, Our Legal Chameleon, 2 Fla.L.Rev. 12, 24 (1949). However, we have found no authority in Florida recognizing a moral obligation in the absence of close or lineal blood ties. In Zimmerman v. Gardner, supra, relief was denied a divorced woman caring for her former husband's elderly aunt. In In re Kionka's Estate, supra, where a woman resided with her niece by marriage, it was found no family in fact existed. In contrast, head of a family status has been accorded a mother residing with an adult daughter, Beck v. Wylie, supra; a mother supporting an able-bodied adult daughter, DeCottes v. Clarkson, 43 Fla. 1, 29 So. 442 (1901); a widow supporting a disabled adult son, Hillsborough Inv. Co. v. Wilcox, 152 Fla. 889, 13 So.2d 448 (1943); and a father living with a married daughter whose husband was on active military duty, Beensen v. Burgess, 218 So.2d 517 (Fla.4th DCA 1969). Sub judice we find no moral obligation, as that term has been construed by pertinent case law, could be said to exist on the part of Mr. Smith to support the woman and her child with whom he resided. Accordingly, Mr. Smith cannot be deemed head of a family in fact.

*181 II
Appellant's second point is also without merit. First, we note that appellant's counsel, with knowledge aforethought of the time limitations for the hearing, picked the time for the hearing; never requested another hearing time; and further never attempted to make a proffer of any additional testimony or evidence he would have submitted if given more time. Second, if facts did exist which would have established the essential elements of a common law marriage, appellant could have attached affidavits to his motion executed by himself, the woman with whom he was living, and any corroborative witnesses establishing such facts. The court's limitation of time did not deprive appellant of proving by affidavit that he was the head of a "family at law."
In view of the foregoing, the trial court's order is affirmed.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] Appellant admits that the child is not his offspring and that he has not adopted her.
[2] Beck v. Wylie, 60 So.2d 190 (Fla. 1952).