**In re Raoul GEIJO, Debtor.**

**Bankruptcy No. 80–01425–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Jan. 30, 1981.

Robyn Greene, Rosenblatt, Greene & Arnowitz, Miami, Fla., for debtor.

### ORDER OVERRULING CREDITORS' OBJECTION TO HOMESTEAD EXEMPTION

THOMAS C. BRITTON, Bankruptcy Judge.

Two creditors, Ruben and Aleida Socarras, have objected to the debtor's claim that his home in Coral Gables is an exempt homestead under Article X, § 4, Florida Constitution. (C.P. No. 14) The matter was heard on January 19. This order incorporates findings and conclusions as authorized by B.R. 752(a).

The facts are not disputed. The debtor is a single man who bought the house in question in 1968 and lived in it with his mother, sister, her husband and her child until 1976. It is conceded that the debtor was the head of that household and that it was entitled to exemption until 1976.

In 1976, the debtor whose medical practice was prospering, bought a larger home, moved his entourage to it and rented the Coral Gables home to third parties. In late 1979, the new home was foreclosed and the debtor and his family moved back to the Coral Gables house. They have remained there since.

Almost two years before this move, the creditors who are objecting here filed a malpractice claim, which survived the mediation process and, almost a year before the move, was ready for suit. There is now and has been, therefore, a large, unliquidated claim for apparent malpractice against the debtor. Bankruptcy occurred on October 31, 1980.

Between the assertion of the malpractice claim and the date of bankruptcy, the debtor sold at least one other property and his economic fortunes withered to the point

where except for his home, worth $85,000, and some $10,000 of uncollected accounts (some of which are three years old) the debtor is worth but $3,800.

Throughout this period, debtor's family situation has remained essentially static. The sister, her husband and child are self-sufficient and a separate family unit. However, the debtor's mother, now 72, is completely dependent on the debtor except for less than $200 a month Social Security. The sister and mother have worked in the debtor's office for many years, but the assistance of the mother is presently nominal. The debtor has supported his mother continuously for many years.

I find that the debtor is the head of a family which includes his dependent mother. The part of the premises, a four bedroom, two bath house, occupied by the sister's family is not divisible as a practical matter. Therefore, the entire home enjoyed homestead status on October 31, 1980, the moment crucial to this case, and is exempt from the claims of creditors.

If the debtor had no legal obligation to support his elderly mother, he clearly had a moral obligation to do so and he did so. That is all that is required under Florida law. *In re Kionka's Estate*, Fla.App.1959, 113 So.2d 603, 606. *Zimmerman v. Gardner*, Fla.App.1978, 355 So.2d 157, which reached a contrary conclusion where the debtor was supporting her deceased husband's elderly aunt, must be distinguished, because there was a significantly more tenuous family relationship.

The thrust of the objection here is that these creditors suspect the debtor of having contrived to secrete and dispose of his assets in the face of the malpractice claim and that the household is but an arrangement for the mutual benefit of three separate family units who, by sharing a house, make it possible for the debtor to reduce his overhead. The earnings from his practice are exempt from the claims of these creditors. The suspicion is not implausible, but I find that these creditors, who have the burden of proof, have been unable to prove their case.

Because the trustee received no notice of this proceeding, nor did any other creditor, the denial of this objection is without prejudice to any position taken by any other party.

The objection is denied.