**In re William D. CARR, Debtor.**

**Bankruptcy No. 81–07001.**

United States Bankruptcy Court,
N. D. Florida,
Tallahassee Division.

Feb. 10, 1982.

John S. Miller, Jr., Tallahassee, Fla., trustee.

J. B. Hooper, Tallahassee, Fla., for debtor.

OPINION

N. SANDERS SAULS, Bankruptcy Judge.

THIS MATTER came on for hearing upon the debtor's objection to the trustee's exemption report, wherein it was the position of the trustee that the debtor failed to qualify for homestead exemption as to real estate pursuant to Art. X, § 4, Fla.Const. and § 222.02, Fla.Stat. (1981). The debtor claimed a homestead exemption based upon an assertion of his alleged status as head of a household. The trustee's basis for objection is that the debtor does not qualify for head of household status since he is not married, nor does he have any minor children who are dependent upon him. Despite these facts, the debtor maintains he is entitled to a homestead exemption since his 27 year old son, his daughter-in-law, and his grandchildren currently reside with him, depending upon him, in part, for their support, and recognizing him as the head of the household. Argument of counsel and the focal point of this court rests upon the applicable tests to be applied in the instant case for determining the debtor's eligibility for head of household status, thereby allowing him to claim homestead exemption under Florida law.

■ The debtor's right to a homestead exemption must be determined solely in accordance with Florida law. *In re Crump*, 2 B.R. 222 (Bkrtcy.S.D.Fla.1980); *In the Matter of Barnes*, 4 B.R. 600 (Bkrtcy.M.D. Fla.1980); *Monson v. Florida First National Bank of Bradenton*, 497 F.2d 135 (5th Cir. 1974).

Florida's courts have applied a rule of law which seeks to classify those instances in which an individual becomes eligible for head of household status. The rule states:

> To constitute a 'head of a family' there must be at least two persons who live together in the relation of one family, and one of them must be 'the head' of that 'family.' When the natural relation of husband and wife or parent and child, or that of being in *loco parentis*, does not exist, the relation should be one in which *an established and continuing personal authority, responsibility, and obligation* actually rests upon one as 'the head of a family' for the welfare of the others who, in law, should, or, in fact, do, recognize and observe a family relation to the one as 'the head of a family.' [Emphasis supplied.]

*Johns v. Bowden*, 68 Fla. 32, 66 So. 155, 159 (Fla.1914).

■ Nevertheless, this is not an invariable test, and the eligibility of an individual to claim a homestead exemption must be determined from the facts of each case. *Hillsborough Inv. Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448, 450 (1943). In *Sheaf v. Klose*, 75 So.2d 595 (Fla.1954), a question arose upon Mrs. Sheaf's death regarding the classification of her home as homestead property. Mrs. Sheaf's adult son had moved into her home for thirty (30) days, during which time he was separated from his wife. In concluding that the property was not homestead, the court noted that there must have been a fixed purpose on the part of the mother to convert her home so as to provide for her son, and he must have moved into her house with the intent of making it his home, in order for her to gain head of family status. In the case *sub judice*, there is no evidence in the record to establish that the son had moved into his father's house with the intent of making it his permanent residence. Quite to the contrary, there is testimony from the son that he and his family were residing with his father only on a temporary basis, until such time as he could afford a residence of his own.

■ The fact that a son or daughter has married and lives with a parent is not enough, in itself, to preclude a finding that the parent is the head of the household. However, there cannot simultaneously be two heads of household in the same family. In *Brady v. Brady*, 55 So.2d 907 (Fla.1951), the adult son, although living with his father, supported and actually assumed the responsibilities as head of his own family consisting of his wife and two children. The homestead character of the property did not cease to exist upon the marriage of the son, but ceased sometime thereafter when the son in fact became the head of his own family, and his wife took over the normal duties of the "woman of the house." Hence, the court held that the son could not simultaneously remain a member of his father's family of which the father was the head, while maintaining his position as head of his own family.

In the instant case, the son is able-bodied, employed, and provides the majority of support for his wife and children. The homestead character of the property, if it ever existed, ceased to exist at such time as the son obtained employment, and assumed responsibility for his family. Additionally, there is nothing in the record which would indicate that the son has abdicated his position of personal authority and responsibility of his family, in favor of his father. In the absence of such evidence, the son is presumed to be the head of his family. *Brown v. Hutch*, 156 So.2d 683 (2d DCA 1963); *In re Kionka's Estate*, 113 So.2d 603 (2d DCA 1959); *Whidden v. Abbott*, 124 Fla. 293, 168 So. 253 (1936). Although there is testimony from the son indicating he considers his father to be the head of the family, the record does not contain sufficient facts to support such a conclusion. *Dania Bank v.*

*Wilson & Toomer Fertilizer Co.*, 127 Fla. 45, 172 So. 476 (1937); *In re Estate of Wilder*, 240 So.2d 514 (1st DCA 1970).

The burden is upon the debtor to establish the existence of the requisite status to support his claim of homestead exemption. He has failed to meet this burden, *Brown v. Hutch, supra.* The debtor's objection to the trustee's report is overruled. Accordingly, the trustee, on behalf of the estate creditors, is entitled to the subject property with respect to which the debtor has asserted an invalid claim of homestead exemption.

Order shall enter in accordance herewith.