**In re Debra Diane MITCHELL, Debtor.**

**Bankruptcy No. 81–02012–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

March 1, 1982.

Martin L. Hoffman, Tamarac, Fla., for debtor.

Arthur H. Rice, Miami, Fla., for trustee.

William Roemelmeyer, Miami, Fla., Trustee.

## ORDER ALLOWING EXEMPTION

THOMAS C. BRITTON, Bankruptcy Judge.

This debtor has claimed exemptions as "the head of a family" under Article X, § 4, Florida Constitution. The claimed exemptions include a homestead at 20445 N.W. 45 Avenue in Miami. The trustee objects to the claimed exemption of the real property. The matter was heard on February 24.

The facts are not disputed. The debtor is not married. She has maintained a household with her unmarried younger sister and her sister's two minor children since 1978. The home claimed as exempt is owned by the debtor and her sister as tenants in common. The debtor works to support this family unit of the three individuals. The debtor has testified on the record before me that she makes the decisions for the family concerning all matters relating to their welfare. This communal arrangement was agreed to by the sisters. The debtor promised to support the family while her sister would be responsible for the home.

The debtor's entitlement to claim "head of family" status to exempt this property under 11 U.S.C. § 522(b) is determined by Florida law. The rule which has been uniformly followed in this state is:

"When the natural relation of husband and wife or parent and child, or that of being in loco parentis, does not exist, the relation should be one in which an *established and continuing personal authority, responsibility, and obligation* actually rests upon one as the 'head of a family' for the welfare of the others who, in law, should, or in fact, do, recognize and observe a family relation to the one as 'the head of a family'." *In re Kionka's Estate*, Fla.App.1959, 113 So.2d 603, 606, *aff'd*, Fla.1960, 121 So.2d 644.

The debtor's communal living arrangement with her family is under such circumstances that *the debtor is the one who is* recognized as "the person in charge." *Solomon v. Davis*, Fla.1958, 100 So.2d 177, 178. The blood relationship has been recognized as a basis for creating a moral obligation to support. *Smith v. Stewart*, Fla.App.1980, 390 So.2d 178, 180. I view the circumstances here as more than a mere collection of individuals living together.

The trustee's objection is overruled and the debtor's claimed exemption is allowed.