**In re Tadeusz NIEMYJSKI, a/k/a Tad Niemyjski, d/b/a Quality Masonry Construction Company, Debtor.**

**Tadeusz NIEMYJSKI, Plaintiff,**

v.

**MOUNTAIN STATES FINANCIAL CORPORATION, Rose Marie Verga, f/k/a Rose Marie Dekruif, City of Albuquerque, Charlenea Lynn Niemyjski, Dennis K. Wallin and Michael Guest, State of New Mexico Employment Security Department, United States of America (Internal Revenue Service), Revenue Division of the State of New Mexico, Builders-Materials, Inc. and Donald D. Becker, Trustee, Defendants.**

Bankruptcy No. 82–00330 R A.
Adv. No. 82–0625 R.

United States Bankruptcy Court,
D. New Mexico.

Jan. 12, 1983.

Douglas T. Francis, Albuquerque, N.M., for Tadeusz Niemyjski.

Donald D. Becker, Albuquerque, N.M., trustee.

Douglas R. Vadnais, Albuquerque, N.M., for Mountain States Financial Corp.

John T. Fitzpatrick, Albuquerque, N.M., for Rose Marie Verga.

Wayne G. Chew, Albuquerque, N.M., for Internal Revenue Service.

Steven C. Ewing, Albuquerque, N.M., for Charlenea Lynn Niemyjski.

Edward F. Barnicle, Jr., Bureau of Revenue, Santa Fe, N.M., for Bureau of Revenue.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

The Chapter 7 Debtor, joined by the Trustee, filed this adversary proceeding to sell his residence free and clear of liens. Joined as Defendants were the holders of all mortgages, judgment liens, tax liens and municipal liens on the property. Thus, all of the parties who would properly be joined in a foreclosure suit against the property were before the Court.

The terms of sale were FIFTY THOUSAND DOLLARS ($50,000) cash. Since the sale was highly advantageous, all parties consented to the entry of an Order permitting the same. The Order reserved to the Court the later determination of the validity and priority of the various claims of the parties in the proceeds.

After due notice and at a hearing called for that purpose, all parties asserting a claim to the proceeds presented those claims. Essentially, the parties stipulated that the proceeds should be used first to pay expenses of sale, including some expenses incurred by the Debtor, Trustee's commission, Debtor's and Trustee's attorney fees, and the first two mortgages on the property. This left approximately FIFTEEN THOUSAND DOLLARS ($15,000) for distribution among the parties.

The claims of the various parties exceed the balance of the funds available for distribution. The claims of those who might reasonably expect to participate in distribution were as follows:

(a) The Debtor claimed a New Mexico Homestead Exemption of up to TWENTY THOUSAND DOLLARS ($20,000).

(b) The Debtor's former wife claimed approximately TEN THOUSAND DOLLARS ($10,000) in delinquent child support, substantial portions of which had been reduced to judgment and which were judgment liens upon the property.

(c) The governmental defendants claimed for delinquent taxes in excess of FIFTEEN THOUSAND DOLLARS ($15,000), all of which were tax liens upon the property.

These competing claims raised novel propositions of law and matters of first impression with respect to the interpretation of the New Mexico Homestead Statute.

The New Mexico Homestead Statute and the companion section relating to its scope are as follows:

A married person, widow, widower or person who is supporting another person shall have exempt a homestead in a dwelling-house and land occupied by him or in a dwelling-house occupied by him although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of twenty thousand dollars ($20,000) exempt from attachment, execution or foreclosure by a judgment creditor, and from any proceeding of receivers or trustees in insolvency proceedings, and from executors or administrators in probate. 42–10–9, N.M. S.A. (Supp.1981)

The provisions of this article [42–10–9 to 42–10–12 NMSA 1978] do not apply or extend to taxes, garnishment, recorded

liens of mortgagees or lessors or recorded liens of laborers or materialmen of the dwelling house. 42–10–11, N.M.S.A. (1978)

In resolving the competing claims, the parties stipulated that the Debtor was a single man, and that he had a minor son, whom he was obligated to support, which support was the basis of his former wife's claim.

It is apparent that the Debtor's homestead exemption, if it be valid and prior, will eat up the balance of the proceeds. There will be no funds left to apply toward the former wife's judgment liens nor the tax liens. If, on the other hand, the Debtor is not entitled to the homestead exemption then the proceeds will be distributed in the order of priority of the various liens. The former wife's first judgment lien will be paid, the tax lien of the United States will be paid, and perhaps those of the State of New Mexico; but it is apparent that the fund will be exhausted before the wife's second judgment lien will be reached.

The tax lien claimants ably argue that the homestead exemption "does not apply or extend to taxes". Therefore, they reason that their claims are superior to the homestead exemption, that the homestead exemption is superior to the former wife's judgment liens, and that they should receive the balance of the funds.

The former wife argues that this would result in promoting the priority of the tax liens over her first judgment lien, and would therefore be inconsistent with the order of priority based upon time of filing.

In resolving this matter, it is important to keep in mind that § 42–10–11 provides that the homestead exemption does not apply or extend to taxes, not just tax liens. If the tax claimants are to prevail, it is because their claims are for taxes, not because they have liens.

■ The Bankruptcy Reform Act of 1978 (Code) provides exemptions for the Debtor. 11 U.S.C. § 522. The Code also provides that each state may enact its own exemption scheme so long as that scheme does not conflict with nor undermine the Federal exemption scheme. U.S.C.A. Const. Art. 6, Cl. 2; 11 U.S.C. § 522; *In the Matter of Yparrea,* 16 B.R. 33 (Bkrtcy., N.M.1981); *Foster v. City Loan & Savings Co.,* 16 B.R. 467 (D.C.N.D.Ohio, 1981); *In re Brents—Pickell,* 12 B.R. 352 (Bkrtcy., D.Cal.1981). Where a debtor claims the state homestead exemption, the validity of the debtor's claim must be decided under state law. *In re La Fortune,* 652 F.2d 842 (9th Cir. CA, 1981); *In re Kervin,* 19 B.R. 190 (Bkrtcy., D.Ala.1981); *In re Carr,* 19 B.R. 173 (Bkrtcy., Fla.1982).

■ In determining the Debtor's eligibility for the homestead exemption, this Court adopts the view that the purpose of the exemption and of exemptions generally under the Bankruptcy Code is to benefit the debtor and also to benefit the debtor's dependents. Indeed, in the New Mexico Supreme Court's decision in *Niemyjski v. Niemyjski,* New Mexico State Bar Bulletin, Vol. 81, No. 25, June 24, 1982, involving this self same debtor, the Court characterized the duty of support as "HIS MOST IMPORTANT SINGLE OBLIGATION, namely THE SUPPORT OF HIS MINOR CHILD." (emphasis in original).

■ To carry out this well established policy of the law and the consistent policy of Congress in the adoption of the Bankruptcy Reform Act of 1978, it is not sufficient that the debtor have a child whom he is obligated to support. He must in fact support that child to be entitled to the homestead exemption. This Court can and will make that which the Debtor claims to be so, in fact so. The Debtor is entitled to his homestead exemption but those funds shall be paid to his former wife to the full extent necessary to pay all child support now due, including both that reduced to judgment and judgment lien and that which has accrued thereafter and until this time.

Since all child support is paid from the Debtor's homestead exemption, the wife has no judgment liens left unpaid to compete with those of the taxing authorities.

At this point, the taxing authorities raised the question of their entitlement to taxes, because of the nonapplication of the homestead exemption to their claims (42–10–11, N.M.S.A. (1978)). They make the point that they have specific statutory protection against the homestead exemption, whereas child support does not. In this connection, they are mistaken. If the Debtor does not pay his child support, he is not entitled to the exemption. If he is not entitled to his exemption, then the former wife's child support judgment lien has priority over their subsequently recorded tax liens.

It seems that the policy of the law is best served by this decision. The Debtor's homestead exemption is validated, and the duties which the law places upon him are discharged by the payment of his child support.

After the payment of his child support, and the validation thereby of his exemption, the balance of his exemption should be paid, pro rata, to the taxing authorities. Payment should be pro rata because they are taxes, and the order of priority of their various liens is immaterial.

An appropriate Order shall be entered.