**In re Lucia GURTLER, Debtor.**

**Bankruptcy No. 82–02520–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

May 13, 1983.

Robert C. Furr, Boca Raton, Fla., for Max Gurtler (creditor).

Richard Glenn, West Palm Beach, Fla., for Lucia Gurtler (debtor).

Douglass Wendel, Trustee. Daniel Bakst, West Palm Beach, Fla., for trustee.

## ORDER ALLOWING CLAIMED EXEMPTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor has claimed as exempt from creditors a home in Boca Raton and various items of personal property which she has valued at exactly $1,000. The exemptions are claimed under Article X, § 4, Florida Constitution, and Chapter 222, Florida Statutes. To be entitled to these exemptions, the debtor must be the "head of a household" within the ambit of those provisions. The debtor's ex-husband has objected (C.P. No. 24) on the ground that the debtor does not qualify as the head of a household. The matter was heard on April 5 and 26. Without objection from the parties, the hearing of April 26 was combined with a hearing on the ex-husband's objection to the debtor's discharge.

On the date of bankruptcy, December 30, 1982, which is the critical date for the purposes of this case, the debtor resided in the house she claims to be exempt, with an 18 year old son and a 16 year old daughter, each of whom acknowledged and accepted her role as head of the household unit.

Applying the principles of Florida law, the determination of whether the legal status as the head of a household exists depends upon whether the person asserting that status has the legal or moral duty to support, care for, and train members of the family group. *In re Kionka's Estate,* Fla. App.1959, 113 So.2d 603, 608.

Under Florida law, a divorced wife with custody of a minor child may qualify as the head of a household if at least part of the support provided for the child is provided by the wife. *Anderson v. Anderson,* Fla.1950, 44 So.2d 652, 654; *Vandiver v. Vincent,* Fla.App.1962, 139 So.2d 704, 710. It is not clear to me whether the degree of support provided must be at least half of the support (as is suggested in *Vandiver*), but the degree of support must at least approximate that amount. If the principal support is provided by the divorced father, he is the head of the household, and in Florida at least under these provisions, there can only be one "head of the household". In computing this equation, credit may be given to the value of the mother's services.

The debtor is a seamstress who was unemployed at the time of bankruptcy. Her total earned income for each of the two calendar years preceding bankruptcy was $4,000 as a telephone receptionist. She filed no income tax returns for either of those years because "little or no income was earned". There is no evidence that either she or her family had significant independent assets. She was last employed in August, 1982. She estimated that the monthly household expenses for the family total $2,000. She receives $411 a month from the ex-husband and $478 a month from a former husband, the children's father. Neither child contributes significantly to the household income.

It is clear that the ex-husband was not the head of the household by the support test. Nor was the children's father. It is not clear from this record how the balance of the support was provided.

As stated in *Vandiver:*

"The homestead exemption laws should be interpreted liberally and so as to shelter and preserve the family and family home so long as they are not interpreted in such manner as to become an instrument of fraud." (at page 709).

The burden is on the debtor to establish her entitlement to the homestead exemption. *Smith v. Stewart,* Fla.App. 1980, 390 So.2d 178, 180; 29 *Fla.Jur.2d,* Homesteads § 81. By reason of the degree of financial support received from the two ex-husbands, this is a close case.

The debtor and her two children comprise the only intact household for which one head can be recognized under Florida law. I find that no person other than the debtor occupies the role of head of this household for purposes of providing services, care and training. This factor weights sufficiently in the debtor's favor to find that she is entitled to the exemptions. *Matter of Hersch,* Bkrtcy.M.D.Fla.1982, 23 B.R. 42.

The objection is overruled and the claimed exemptions are allowed.

At the time of bankruptcy, a partition proceeding for the marital home was pending in the State court. Both parties had sought partition. By a separate proceeding, the automatic stay has been modified to permit that litigation to continue in the State court. Nothing said in this order is intended to prevent or affect the outcome of that litigation.