W. W. POWELL, *Petitioner,* v. T. J. BEATTY, W. K. LEWIS, and L. L. TYLER, as Trustees of the Seffner Baptist Church, *Respondents.*

147. So. 845.

Division B.

Opinion filed April 29, 1933.

Re-hearing denied May 13, 1933.

*L. S. Owens,* for Petitioner;

*D. Frederick McMullen,* for Respondent.

BUFORD, J.—This case is before us on certiorari to a judgment of the Circuit Court of Hillsborough County, affirming the judgment of the County Court of Hillsborough County in favor of the plaintiffs in a suit in the name of T. J. Beatty, W. K. Lewis and L. L. Tyler as Trustees of the Seffner Baptist Church, plaintiff, against W. W. Powell as defendant.

The defendant filed a special plea in which it was attempted to plead that the note sued on was without consid-

eration. The plea was insufficient in that it did not allege sufficient facts to show a total lack of consideration. Therefore, the demurrer which was interposed to the same was properly sustained. After the overruling of the demurrer, trial was had, resulting in judgment for the plaintiff. Writ of error was taken to the Circuit Court and there the judgment was affirmed. The plea failed to allege sufficient facts to show that the married woman by whom, it is alleged in the plea, the note was originally executed, was incapable of contracting, but even if the plea was sufficient to show that she was incapable of contracting it would nevertheless constitute no defense because then the case would be one wherein the husband attempted to become surety for the wife on a contract upon which she was not liable.

In Smyley v. Head, et al., 2 Rich. (S. C.) 590, 45 Am. Dec. 751, it is said:

"It is true, as a general rule, that the extinction of the principal obligation extinguishes that of the surety. But a distinction must be observed between such exceptions to the contract as are personal to the principal, and such as affect the contract itself. Fraud, illegality, or mistake, which may rescind the contract of the principal, induces the discharge of the sureties; but if the invalidity of the contract rests upon reasons personal to the principal, in the nature of a privilege or protection, the principal acquires a personal defense against the contract, which notwithstanding subsists and may charge the sureties. The minority of the principal does not discharge the sureties. In Maggs v. Ames, 4 Bingh. 470, it was held that the parties to a guaranty of the payment of goods, to be supplied to a married woman, were responsible. The liability of the surety in such case may be supported on the ground that he shall not protect himself by alleging the incompetency of the sup-

posed principal; which may have been the very motive with the other contracting party for requiring security; and by analogy to the laws of principal and agent, the surety may be held liable as principal, for an engagement he has made in behalf of one who was incompetent to contract."

In 13 R. C. L. 1255, the text writer says:

"As a general proposition the liability of a guarantor or a surety is limited by that of his principal. But to this there are certain exceptions. Thus when the principal is excused from liability for reasons personal to himself and which do not affect the debt he has incurred or the promise he has made, the guarantor or surety is not entitled to the benefit of this excuse. In such case he is in a certain sense an independent promisor and must perform his promise. So it is held that a guarantor or surety on a married woman's bond or other obligation is not released from liability because their principal was a married woman and by reason of her coverture unable to bind herself; in such case the law holds it to be an independent and binding obligation of the guarantor or surety and recognizes such a case as an exception to the ancient rule that the discharge of a principal releases a surety, and as has been said, the fact that the principal was a married woman may have been the very reason why a surety was required. Thus where the defense to an action on a promissory note was that the defendants executed the notes as sureties, that no consideration moved to them and that the principal maker was a married woman, and so not liable, of all which plaintiff had notice, it was held, that the sureties were liable, there being no fraud, duress, or deceit on the part of the payee in procuring the note."

This principle was also enunciated by this Court in Wilson v. Friedenburg, 22 Fla. 144; Coznie v. Randolph, 71 Fla. 503, 72 Sou. 177.

Thus it is, that the writ of certiorari heretofore issued should be quashed. It is so ordered.

Quashed.

WHITFIELD, P. J., and BROWN, J J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.