### HAROLD GILPEN v. LEONARD BOWER, et al.

| | |
|---|---|
| 12 So. (2nd) 884 | January Term, 1943 |
| April 13, 1943 | Division B |

*G. P. Garrett,* for appellant.

*G. B. Fishback* and *Addison L. Williams,* for appellee.

THOMAS, J.:

A judgment debtor died and more than three years later, no letters testamentary or of administration meanwhile having issued, the creditor sought by bill in chancery the foreclosure of the judgment lien against property which had descended to the heir.

The chancellor dismissed the bill of complaint and appellant claims that this action was erroneous. He stresses the statutes: Section 4488, C.G.L., 1927, providing that every judgment "shall create a lien . . . upon the real estate of the defendant" and Section 4663, C.G.L., 1927, Section 9511,

Florida Statutes, 1941, providing that actions on judgments can be commenced within twenty years. It is his theory that he was not obliged to seek administration of the debtor's estate in order to collect the debt and he requests the court to invoke the provisions of Section 5034, C.G.L., 1927, Section 6236, Florida Statutes 1941, that "all liens . . . may be enforced by proceedings in chancery."

By referring to Section 186 of The Probate Act, Section 734.29, Florida Statutes 1941, we find that an estate unadministered for three years is not liable for debts excepting, only, liens of those in possession of personal property and recorded mortgages. Liens contemplated by the exception may be foreclosed but there cannot be, under the terms of the proviso any liability for them against the estate. Under the familiar maxim: the "express mention of a thing implies the exclusion of another different thing," it is obvious that the Legislature intended to bar all liens not mortgages or not held by those in possession of personalty and that even those were only enforceable against the specific property. See also Section 120, The Probate Act, Section 733.16, Florida Statutes 1941, relative to failure to file claims within the prescribed time where administration has been inaugurated.

The only opinion of this Court, cited by appellant to support his position, is In re Comstock's Estate, 143 Fla. 500, 197 So. 121 holding that the remedy of a mortgagee, who failed to file his claim within the prescribed time, would be restricted to the security without affecting the other assets of the estate. The decision is in harmony with the sections of The Probate Act we have cited.

Appellant insists that the principle announced in that decison is the identical one involved in the instant case and to further his contention he urges us to recognize a distinction between the judgment and the lien of the judgment. He alleged in his bill that "under the provisions of Section 186 of the Florida Probate Act of 1933, [the] *estate* is not liable for any obligation or upon any cause of action." Thus any right under the judgment is abandoned. He maintains, however, that "the lien of [his] . . . judgment remains unimpaired" and should be impressed on the property left by the

deceased. In such fashion he would escape the inhibitions which now preclude collection of the judgment against the estate but would attempt enforcement of the lien of it under the general law we have cited.

Disregarding for the moment the statutes and the decision which we have cited and a decision and another section of The Probate Act, to which we will later allude, we do not comprehend, in the light of the circumstances of this controversy, the similarity claimed by the appellant in the qualities and characteristics of a mortgage and a judgment. One encumbers specific property; the other is a lien upon all the property of the debtor subject to it. Although the debt secured by a mortgage exists independently of the instrument a debt reduced to a judgment does not have this peculiarity as the former merges in the latter and loses its identity. More important, the lien created by a judgment is merely incidental and may not exist independently of the judgment.

Aside from these dissimilarities, which demonstrate that the appellant was not in the same status as a mortgagee, it was definitely decided in Cumberland & Liberty Mills v. Keggin, 139 Fla. 133, 190 So. 492, construing Section 120, The Probate Act, *supra,* and Section 123 of the same act, Section 733.19, Florida Statutes, 1941, that "claims of general liens under judgments obtained against a decedent in his life time should be duly filed as required by Section 120," and that the liens of judgments were not included in the exception to the act.

Appellant was precluded by Section 123 of The Probate Act from execution or levy and was relegated by the same section to filing his judgment "in the same manner as other claims" it not having been a claim "to specific property, real or personal." Having failed to avail himself of his remedy for recovery of the judgment he may not now enforce the lien of it upon property which has passed to his heir.

The chancellor ruled correctly in dismissing the bill.

Affirmed.

BUFORD, C. J., BROWN, and SEBRING, JJ., concur.