HOBSON, Acting Chief Judge.
Appellant, plaintiff below, seeks reversal of that portion of the lower court’s final judgment awarding nominal damages and finding a waiver by the plaintiff of her rights. We reverse.
This is an action brought by the plaintiff below to recover funds deposited under an *1117 escrow agreement with the defendant below, Tri-City Title Company. The plaintiff and her husband, owners as tenants by the entireties of a parcel of real property, entered into an agreement to sell the property to certain purchasers. The closing occurred on March 22, 1982.
At the closing, it was discovered that in 1978 the Landmark Union Trust National Bank (hereinafter “Bank”) obtained and recorded a final summary judgment against the husband. The title company refused to delete the Bank’s recorded final summary judgment as a lien against the property and the plaintiff and her husband were unwilling to pay the judgment from the proceeds of the sale. To resolve this problem, the plaintiff and her husband, together with the title company, entered into a written escrow agreement which provided that the plaintiff and her husband desired to contest the validity of the Bank’s judgment and that the title company would hold, in escrow, the judgment sum of $27,-916.98 plus $1,400 to cover per diem interest for a period of one year. The escrow agreement further provided in paragraphs 3 and 4:
3. If the summary final judgment is discharged and vacated within one year from the date hereof, Tri-City Title Company shall pay the entire escrowed sum to the order of Oswald A. Valero and Yone Valero.
4. If the summary final judgment is not discharged and vacated within one year from the date hereof, then Tri-City Title Company may pay and satisfy said summary final judgment, and in no event shall Tri-City Title Company be obligated to withhold payment thereof if the amount required to satisfy said final judgment shall become equal to the amount of funds held under this Escrow Agreement.
Upon execution of this agreement, the title company took the escrow funds, deleted the Bank’s judgment lien on the property from its title policy, and the closing proceeded to conclusion.
This cause arose shortly thereafter. Instead of holding the escrow funds for a period of one year from March 22, 1982, as required by the escrow agreement, the title company satisfied the Bank’s judgment on April 27, 1982, by delivering and paying from the escrow funds the sum of $24,000 to the Bank.
The trial court, based on the foregoing facts, entered its final judgment in favor of the plaintiff. In the final judgment, the court made the following findings of fact pertinent to this appeal:
1. The written agreement was in the nature of an escrow agreement and the requirements of escrow agreements applied.
2. The title company wrongfully paid the sum of $24,000 to the Bank, in breach of its written agreement with the wife.
3. The significance of the words “discharged and vacated within one year” were that the judgment itself was to be discharged and vacated. [Emphasis added.]
4. There were no conditions in either paragraph 3 or 4 relating to whether the lien of the final judgment was sufficiently attacked or declared to be invalid against the property in question. [Emphasis added.]
5. Therefore, the plaintiff did not reserve to herself the right to attack the lien of the final judgment against the property, but reserved to herself only the right to attack the validity of the judgment itself.
6. Because the plaintiff reserved to herself only the right to attack the validity of the judgment itself and did not reserve to herself the right to attack the lien of the final judgment, the plaintiff waived any right to seek declaratory or other relief against the Bank’s judgment, which right she had up to the date of the escrow agreement.
On appeal, appellant argues, inter alia, that because the trial court’s construction and interpretation of the escrow agreement *1118 to not include the right of the appellant to contest the validity of the lien itself but only the recorded judgment on which the lien was predicated was error, she did not waive her right to attack the judgment lien. We agree.
In support of her contention, appellant cites Gilpin v. Bower, 152 Fla. 733, 12 So.2d 884 (1943). In Gilpin, a judgment debtor died and more than three years later, with no letters testamentary or of administration issued, a creditor sought the foreclosure of the judgment lien against property which had descended to an heir. The chancellor dismissed the bill of complaint after which the appellant appealed, claiming that pursuant to section 4488, Compiled General Laws 1927 (providing that every judgment “shall create a lien ... upon the real estate of the defendant”) and section 4663, Compiled General Laws 1927, section 95.11, Florida Statutes (1941) (providing that actions on judgments can be commenced within twenty years), he was not required to seek administration of the debtor’s estate in order to collect the debt. The court found that pursuant to section 734.29, Florida Statutes (1941),[1] an estate unadministered for three years was not liable for debts except liens of those in possession of personal property and recorded mortgages. Appellant contended that he was in the same posture as a “mortgagee” and therefore should be permitted to proceed with the foreclosure of the judgment lien. The appellant also argued that, although under section 734.29, Florida Statutes (1941), the estate was not liable for any obligation or upon any cause of action, and thus any right under the judgment was abandoned, “the lien of the judgment remained unimpaired and should be impressed on the property left by the deceased.” 12 So.2d at 885. In other words, appellant argued, there was a distinction between the judgment and the lien of the judgment.
In addressing appellant’s contentions, the court stated:
[W]e do not comprehend, in the light of the circumstances of this controversy, the similarity claimed by the appellant in the qualities and characteristics of a mortgage and a judgment. One encumbers specific property; the other is a lien upon all the property of the debtor subject to it. Although the debt secured by a mortgage exists independently of the instrument [,] a debt reduced to a judgment does not have this peculiarity as the former merges in the latter and loses its identity. More important, the lien created by a judgment is merely incidental and may not exist independently of the judgment.
Id. 12 So.2d at 885. (Emphasis added.) See also 32 Fla.Jur. Judgments and Decrees § 178 (1982).
In refusing to recognize the distinction between the judgment and the judgment lien, the court concluded that appellant, not having pursued the remedy for recovery of the judgment, could not enforce the lien of it upon property that had passed to the heir.
Applying this principle to the facts of the instant case, we find that the trial court’s interpretation of the escrow agreement[2] was erroneous and thus there was no waiver by appellant of her right to attack the validity of the judgment lien. Finding in *1119 appellant’s favor on this point, we do not address her remaining points on appeal.
Accordingly, we reverse the trial court’s finding of a waiver by the appellant of her right to attack the validity of the judgment lien with directions to the trial court to vacate the award of nominal damages and reestablish the escrow account containing the initial sum of $27,916.98, together with $1,400 interest.
REVERSED.
RYDER and CAMPBELL, JJ., concur.

. Section 734.29, Fla.Stat. (1941), provided in pertinent part:
Limitation Against Unadministered Estates.—
After three years from the death of any person, his estate shall not be liable for any obligation or upon any cause of action unless letters testamentary or of administration shall have been taken out within said three years; provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of any personal property and the right to foreclose and enforce such mortgage or lien shall not be impaired or affected by the limitation imposed hereby, but the same shall bar the right to enforce any personal liability against the estate of the decedent.

. Specifically, that "the plaintiff did not reserve to herself the right to attack the lien of the final judgment against the property, but reserve[d] to herself only the right to attack the validity of the judgment itself.”