BOARDMAN, EDWARD F., (Ret.) Judge.
This is the second appeal arising from appellant Tri-City Title Company’s wrongful disbursement of $24,000 in escrowed funds to Landmark Union Trust National Bank in satisfaction of the bank’s lien against real property owned by appellee Yone Valero and her former husband, Oswald, as tenants by the entireties. See Valero v. Tri-City Title Co., 445 So.2d 1116 (Fla. 2d DCA 1984). Because the facts surrounding Tri-City’s erroneous disbursement were outlined fully in this court’s previous opinion, we deem it unnecessary to address them further here.
In this appeal, Tri-City complains that the trial court erred in awarding the entire $29,316.68 balance of the reinstated escrow account to Yone Valero when she failed to demonstrate the invalidity of the bank’s lien within the one-year period specified in the escrow agreement and when the entire balance of the reinstated account exceeded the sum of her damages. TriCity’s initial argument overlooks the trial court’s implicit finding in its amended final judgment that the condition precedent to Valero’s recovery of the escrowed funds had been waived or rendered impossible of performance by Tri-City’s erroneous disbursement of the funds in question and the bank’s resulting satisfaction of lien. Vale-ro’s motion for final judgment clearly raised this issue, and the parties presumably addressed it in the unrecorded hearing which ensued. On the record before us, we are compelled to conclude that Tri-City has failed to demonstrate reversible error regarding this finding. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
We do agree, however, that the trial court’s amended final judgment awarded Valero an excessive amount of damages. For the first time in the course of these appellate proceedings, Tri-City has advised this court that the funds remaining in the initial escrow account after the erroneous $24,000 disbursement were remitted to Va-lero or paid to creditors on her behalf, with her consent, prior to the inception of litigation. Under these circumstances, Valero was entitled to recover only the $24,000 balance of the escrowed funds which had not been returned to her previously, plus the $330.60 in costs awarded by the trial court. Consequently, we modify the amended final judgment to reflect a total award of $24,330.60.
Valero submits that she is entitled to prejudgment interest on her damages, an item which she requested consistently in her pleadings but one which the trial court nonetheless declined to award. Because Valero has not properly preserved this issue by filing a cross-appeal, we do not address it.
In summation, we affirm the trial court’s amended final judgment as modified to reflect a total judgment in the amount of $24,330.60.
Affirmed as modified.
OTT, A.C.J., and DANAHY, J., concur.