510 So.2d 351 (1987)
Thomas W. MATEY, Appellant,
v.
James H. PRUITT, Appellee.
Thomas W. MATEY, Appellant,
v.
JAMES H. PRUITT REAL ESTATE, INC., Appellee.
Nos. 86-1751, 86-1750.
District Court of Appeal of Florida, Second District.
July 22, 1987.
Rehearing Denied September 16, 1987.
*352 Bruce E. Chapin of O'Neill & Chapin, Orlando, for appellant.
Alan G. Greer, Alan S. Fine, and Sally R. Doerner of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, for appellees.
PER CURIAM.
We have before us an appeal of two cases, i.e., Matey v. Pruitt, Case No. 86-1751, and Matey v. James H. Pruitt Real Estate, Inc., Case No. 86-1750, which have been consolidated for this appeal. In Case No. 86-1750, appellant raises three points: (1) whether there was sufficient evidence to sustain the jury's determination that appellee James H. Pruitt Real Estate, Inc. (Pruitt Real Estate) provided the funds used to satisfy the $149,098.93 judgment; (2) whether the trial court erred in ruling that the contributive share owed to appellant was one-half of all payments, rather than one-third; and (3) whether the trial court erred in ruling that payment occurred on December 20, 1982, the date of the posting of the bond, rather than June 1, 1983, the date of actual payment to the original plaintiff.
In September 1979, Vaughn J. Cannon, James H. Pruitt, and Thomas W. Matey entered into a business agreement regarding the proposed development of The Reef, a time-share resort in Vero Beach. As part of that agreement, Pruitt Real Estate and Matey executed and delivered a promissory note to Cannon. James H. Pruitt (Pruitt) personally signed the note guaranteeing its payment. A partial payment of $10,000 was made by Pruitt Real Estate in October 1979. When no further payments were forthcoming, Cannon sued Pruitt Real Estate, Pruitt, and Matey on the balance due. Following a jury trial, a $132,696.16 judgment was entered against the three defendants, jointly and severally. Pruitt and Pruitt Real Estate and Matey pursued separate appeals. This court affirmed the judgment without opinion. Pruitt posted a cash bond with the clerk of the Circuit Court in Lee County to supersede the final judgment as to Pruitt and Pruitt Real Estate. The bond did not protect Matey, nor did Matey take any steps to separately supersede the judgment. Following the unsuccessful appeals, the trial court, on June 1, 1983, directed the clerk to pay to Cannon $149,098.93 from the bond, which payment was made on or about the same day.
We first deal with point one. When the evidence is viewed in the light most favorable to Pruitt Real Estate, it readily reveals that the jury heard ample evidence from which it properly could conclude that Pruitt Real Estate, rather than Pruitt individually, *353 supplied the money used to satisfy the judgment that Cannon obtained. We therefore affirm the trial court on point one.
We now consider point two. A judgment does not set the rights or liabilities of joint obligors among themselves. See 18 Am. Jur.2nd, Contribution § 36 (1985). The rationale behind this rule is:
[S]uch a prior judgment is not conclusive in the subsequent action unless the codefendants occupied adversary positions in the prior action and actually litigated therein the issue of their liability inter se as well as the issue of their liability to the injured party. The reasoning underlying such rules is that in the absence of a statute or rule requiring a defendant to cross-claim against his codefendant, and in the absence of such a cross-claim, the judgment in the prior action merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the co-defendants as between themselves... . (emphasis supplied)
Jones v. Williams Steel Industries, Inc., 460 So.2d 1004, 1006 n. 4 (Fla. 5th DCA 1984).
The trial court correctly held that Matey's contributive share was one-half of the amount of damages paid by Pruitt Real Estate. As the trial court correctly acknowledged, the promissory note had two primary obligors, Pruitt Real Estate and Matey. The only participation by Pruitt as an individual was to guarantee personally the note in the event of default. Such an obligation is merely collateral to another contractual duty and the guarantor's duty to perform only arises on the default of the debtor. See generally 38 Am.Jur.2d Guaranty §§ 1-3 (1968). Hence, once the debtor's obligation has been paid or otherwise satisfied, the guarantor's obligation is terminated. Id. at § 78.
Pruitt's obligation to perform as the guarantor of the promissory note to Cannon was merely collateral to the duty of performance owed by the principals on the note, Matey and Pruitt Real Estate. Once the primary debt to Cannon was fulfilled by Pruitt Real Estate's payment of the judgment, Pruitt's obligation as guarantor ceased to exist. The trial court correctly determined that Matey's rightful contributive share was one-half, rather than one-third, of the payments Pruitt Real Estate made. We therefore affirm the trial court.
As to point three, we feel that interest should have been computed not from the date the bond was posted, but on June 1, 1983, when the payment was made. We reverse and remand for interest to be considered from June 1, 1983.
The issue in Case No. 86-1751 is whether the trial court erred in granting the judgment N.O.V. In order to have indemnification, there must be consideration to support indemnification. A review of the record reveals the correctness of the trial court's conclusion that there was no competent substantive evidence to support the jury's verdict on the indemnity cross-claim. Forbearance to enforce a legal right is sufficient consideration to form a contract only if the asserted claim is at least colorable. Vining v. Sutton, 242 So.2d 730 (Fla. 3rd DCA 1971). Forbearance from suit on a claim of doubtful validity may suffice if a person bona fide believes that he has a fair chance of success in the lawsuit. Henderson v. Kendrick, 82 Fla. 110, 89 So. 635 (1921); Uwanawich v. Gaudini, 334 So.2d 116 (Fla. 3d DCA), cert. denied, 341 So.2d 1086 (Fla. 1976). Matey's threatened lawsuit against Pruitt was not predicated on a valid claim, nor did he have a good faith belief that such a suit would succeed. Matey admitted that his own belief in the merits of that claim had evaporated by the date the promissory note was executed. We therefore affirm the trial court's entry of the judgment N.O.V.
We therefore remand to the trial court to enter such orders as necessary to be consistent herewith.
*354 SCHEB[*], A.C.J., and HALL and THREADGILL, JJ., concur.
NOTES
[*] Judge Scheb participated in the decision but did not participate in the oral argument.