512 So.2d 324 (1987)
W.R. COOPER, INC., Appellant,
v.
CITY OF MIAMI BEACH and Garcia-Allen Construction Co., Inc., Appellees.
No. 86-723.
District Court of Appeal of Florida, Third District.
September 15, 1987.
*325 Manas & Marcus and Richard I. Manas, Miami, for appellant.
Arnold M. Weiner, City Atty., and Sandra W. Schneider and Patrick N. Brown, Asst. City Attys., for Appellee City of Miami Beach, Jeffrey C. Coon, Tampa, for appellee Garcia-Allen Const. Co.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
W.R. Cooper, Inc. appeals a trial court order granting the City of Miami Beach's motion to dismiss for failure to join an indispensable party. We reverse.
Garcia-Allen Construction Company (Garcia-Allen) entered into a prime contract with the City of Miami Beach (City) to install a water-sprinkler system. The contract contained provisions requiring compliance with federal labor standards which called for the payment of specific wage rates to laborers and mechanics working on the project. The contract also authorized the City to withhold funds as ordered by the Secretary of Labor in the amounts necessary to pay laborers and mechanics the full wages due for work performed on the project. Garcia-Allen entered into a written contract with Cooper, a construction subcontractor, to install the system. The provisions regarding the federal labor standards were incorporated by reference into the contract between Cooper and Garcia-Allen. Cooper fully performed the work required by the contract but a grievance was filed with the Department of Labor regarding alleged underpayment of project employees. Because of the grievance, the Secretary of Labor requested the City to withhold $14,000 in funds owed to Cooper for work performed under the contract. The City placed the funds in escrow pending final disposition of the claims. Subsequently, the Secretary of Labor requested the withholding of an additional $7,855.54. At all times Cooper disputed the Secretary of Labor's claims. Garcia-Allen, without Cooper's knowledge, entered into an agreement with the Department of Labor and executed a letter authorizing the City to release $18,348.52 to the Secretary. Subsequently, while this suit was pending, and without notice to Cooper, the City transferred the escrow funds to the Secretary. The Secretary disbursed the funds to the employees in satisfaction of their claims.
Although Cooper initially named only Garcia-Allen and the City as defendants, the complaint was later amended to include Raymond Donovan, U.S. Secretary of Labor, as an additional defendant. The Secretary removed the case to federal district court where the claim against the Secretary of Labor was dismissed for lack of jurisdiction. The federal court ruled that the claim against the Secretary should be raised in the United States Claims Court and remanded the case to state court. After remand the state court granted the City's motion to dismiss the action for failure *326 to join the Secretary as an indispensable party.
Appellant contends that this is an action in contract against the prime contractor and the City to which the Secretary of Labor is not an indispensable party. We agree. Cooper performed services under a written agreement with Garcia-Allen calling for the payment of specific amounts of money. Garcia-Allen's failure to pay those amounts is the basis of Cooper's claim. The determination of those amounts and a judgment for their recovery would have constituted the full relief sought by Cooper and would have affected the rights of no other parties.
An "indispensable party" is a person with such an interest in the subject matter of the action that a final adjudication cannot be made without affecting his interests or without leaving the controversy in such a situation that its final resolution may be inequitable. National Title Ins. Co. v. Oscar E. Dooly Assocs., 377 So.2d 730 (Fla. 3d DCA 1979).
The Secretary of Labor is not an indispensable party to this lawsuit because he has no interest in the dispute between Cooper, Garcia-Allen and the City as to whether the funds were properly released. The Secretary successfully moved for dismissal from the lawsuit on jurisdictional grounds. Parties vitally concerned with protecting their rights do not seek to be dismissed from lawsuits if the dismissal could affect them adversely.
Furthermore, equity does not compel dismissal of the lawsuit on indispensable party grounds. The issue in this case is whether there was a breach of the escrow contract. As the depositary of the funds the City of Miami Beach was a stakeholder without discretion to do anything with the deposit other than what was required by the escrow contract. If the release of the funds was in violation of the contract terms the City could be liable. See Tri-City Co. v. Valero, 464 So.2d 698 (Fla 2d DCA 1985). If by the terms of the contract Garcia-Allen could authorize release of the escrow funds to a third party, but did so improperly, Garcia-Allen could be liable for a wrongful release.
The possibility that Cooper could file an action against the Secretary of Labor in a claims court seeking recovery of the funds as having been appropriated without due process of law, does not moot or render premature Cooper's claim concerning the primary liability of Garcia-Allen on its contractual obligation. The existence of another remedy is no bar to the court.
Appellees argue that if Cooper succeeds in his circuit court action it may be necessary for Garcia-Allen and the City to implead the Secretary of Labor, or to seek recovery against the Department of Labor. However, the mere fact that the absence of a party in one lawsuit may lead to multiple litigation is insufficient reason to declare a person to be an indispensable party. See Phillips v. Choate, 456 So.2d 556 (Fla. 4th DCA 1984).
Reversed and remanded for further consistent proceedings.