HARRIS, Judge.
On November 20, 1985, Nature-Ripe Services, Inc. executed and delivered its note in the amount of $106,200 to appellee, Service Trucking, Inc. (Trucking). The note was guaranteed by Norman J. Session, Jr. as well as appellants, Davie L. Vernon and Betty J. Vernon. On December 1, 1986, Trucking received a second note in the amount of $60,300 from the same maker and guarantors. Davie L. Vernon, in addition to being a guarantor of the notes, signed as President of Nature-Ripe Services, Inc. The notes were not paid and Trucking brought suit. On May 27, 1988, Trucking received a judgment against Nature-Ripe Services, Inc., Norman J. Session, Jr., Davie L. Vernon and Betty J. Vernon in the amount of $148,996.60 “jointly and severally.” This judgment was not appealed. On October 29, 1989, after receiving partial payment, Trucking satisfied its judgment “against Nature-Ripe Services, Inc. and Norman J. Session, Jr. only” and specifically reserved its claim against the Vernons.
On November 20, 1989, the Vernons moved to compel satisfaction of judgment as to themselves claiming that the final judgment making them jointly and severally liable was in error and that upon the satisfaction of the judgment against the maker, those secondarily liable must also be released. The trial court denied the motion and the Vernons appealed.
The judgment was in error in failing to “specify the defendants who are liable for payment only as endorser, surety, guarantor or otherwise secondarily.”[1] However it was not in error in finding the defendants “jointly and severally” liable.
A liability is said to be joint and several when the creditor may sue one or more of the parties to such liability separately, or all of them together at his option.[2] Section 46.041(1), Florida Statutes (1987) permits the holder to sue the guarantor in the same action as the maker; Section 673.416(1) Florida Statutes (1987) permits the holder to sue the guarantor separately. See Deese v. Mobley, 392 So.2d 364 (Fla. 1st DCA 1981).
This does not mean, however, that the holder can release one of the joint obligors and yet retain his claim against the other. As cited in Deese, 3, Anderson, Uniform Commercial Code 63601: 17 “Release of joint maker,” the author states (at page 103):
The general rule that the release of one co-debtor releases the other co-debtors applies to the release of one or more— less than all — of the obligors on the promissory note who are jointly or jointly and severally bound, by virtue of the provision that a negotiable instrument is discharged by any act which would discharge a simple contract for the payment of money. The reason often advanced in support of this rule is that since the debtors have a right of contribution among themselves, the releasing creditor ought not to be allowed to enforce his claim against one whose remedy of contribution has been destroyed by the release.
Had the release occurred prior to final judgment, appellant would prevail un *907 der the provisions of Section 673.606(l)(a), Florida Statutes (1987). However, a debt reduced to final judgment merges into the final judgment and loses its prejudgment identity. See Gilpen v. Bower, 152 Fla. 733, 12 So.2d 884 (1943).
In Stephen Bodzo Realty v. Willits Intern., 428 So.2d 225 (Fla.1983), the Florida Supreme Court abrogated the common law rule that the release of one joint obli-gor released all other obligors. Although not discussed in this case, it would appear that the release of one primarily liable would release those secondarily liable even in a judgment if the terms of Section 46.-041(2) had been followed. Since the court did not determine in the final judgment who was primarily and who was secondarily liable, under the merger doctrine all judgment debtors are jointly and severally liable. The release of one does not release the others. See McNair v. Megabank, Inc., 547 So.2d 207 (Fla. 3d DCA 1989).
As indicated earlier in this opinion the court erred in not determining the status of liability; however, no appeal was taken from that judgment and it became final. Further, since the release of one judgment debtor does not release the others, the judgment has not been “satisfied, released or discharged” and Rule 1.540(b), Rules of Civil Procedure, offers no relief.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.

. § 46.041(2), Fla.Stat. (1987).

. Black’s Law Dictionary, 5th Edition.