LEHAN, Judge.
We reverse the summary judgment in favor of defendant in this suit on an alleged agreement to rescind a sale of a used boat.
The summary judgment was apparently based upon the trial court’s conclusion that there was an absence of consideration and mutuality for that agreement. However, we conclude that defendant did not conclusively show the absence of an issue of material fact in that regard. “ ‘[I]f the record raises even the slightest doubt that an issue [of material fact] might exist,’ summary judgment is improper.” Anderson v. Rosetree Village Ass’n, Inc., 540 So.2d 173, 174 (Fla. 2d DCA 1989) (quoting Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). See also Andrews v. Dep’t of Natural Resources, 557 So.2d 85, 89 (Fla. 2d DCA 1990).
*1380 More particularly, deposition testimony in our view created an issue of material fact as to whether plaintiffs’ forbearance to sue defendant for the unsatisfactory condition of the boat constituted consideration and mutuality for the agreement. See Matey v. Pruitt, 510 So.2d 351, 353 (Fla. 2d DCA), review denied, 518 So.2d 1276 (Fla. 1987) and 520 So.2d 585 (Fla. 1988) (“Forbearance from suit on a claim of doubtful validity may suffice [as consideration for an agreement] if a person bona fide believes that he has a fair chance of success in the lawsuit.”).
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, C.J., and ALTENBERND, J., concur.