603 So.2d 78 (1992)
Jane M. ULRICH, Appellant,
v.
Donald R. ULRICH and A-OK Sign Corporation, a Florida corporation, Appellees.
No. 91-02262.
District Court of Appeal of Florida, Second District.
July 29, 1992.
*79 Richard Militana of Militana, Militana, Militana & Beauchamp, P.A., Largo, for appellant.
David B. McEwen of Stolba, Verona & McEwen, P.A., St. Petersburg, for appellees.
THREADGILL, Acting Chief Judge.
Jane M. Ulrich appeals a final summary judgment in favor of A-OK Sign Corporation and Donald R. Ulrich on her complaint to enforce a guaranty of payment. We affirm.
On May 18, 1988, A-OK Sign Corporation gave the appellant a promissory note in the amount of $207,280, payable monthly for fifteen years. The note was expressly subject to a subordination agreement executed by the Ulrichs two years earlier in favor of First Union National Bank, successor in interest to Florida National Bank. The note was given in exchange for the appellant's conveyance of her interest in the corporation to her husband Donald as part of a separation and property settlement agreement in anticipation of dissolution of marriage.
The subordination agreement modifies the date of payment under the promissory note by suspending payment until after the corporation has paid its debts to the bank. Under the terms of the subordination agreement, the Ulrichs are prohibited from demanding, accepting, or suing for any monies the corporation owes them unless the corporation has first discharged its indebtedness to the bank. The agreement contemplates future as well as existing corporate indebtedness to the Ulrichs. Thus payment under the promissory note does not become due until after the bank has been paid.
The husband's guaranty found at the end of the promissory note is triggered by the corporation's failure to pay amounts due under the note. The guaranty provides:
GUARANTY
FOR VALUE RECEIVED, the undersigned Guarantor, Donald Ulrich, in addition to all warranties and obligations imposed by unqualified endorsement, does hereby unconditionally guarantee to Payee the prompt payment of all amounts due on this instrument as and when the same shall become due whether by acceleration, extension or otherwise, and waive any requirement that any action be taken against the Maker before enforcing this Guaranty.
The corporation had made eleven monthly payments to the appellant when the bank notified her that it was exercising its right under the subordination agreement to disallow further payments pending satisfaction of its loans to the corporation.
The appellant filed suit on the husband's guaranty of payment. The trial court granted summary judgment on the ground that the husband was not liable because there had been no default on the note. We agree with the trial court and affirm.
The appellant contends that the guaranty is not subject to the subordination agreement because it is unconditional. Although this statement is true, it is not dispositive because the note is conditioned by the subordination agreement. Thus when the bank exercised its right of subordination, the effect was to postpone the date of payment under the note until the bank had been paid. A contract of guaranty is the promise to answer for the payment of a debt by another on the default of that third person. Florida Department of Revenue v. Sun Bank, 556 So.2d 1154 (Fla. 5th DCA 1990). According to the terms of the husband's guaranty, he becomes obligated to pay amounts which become due under the note. As payment was not due under the note, there was no default and no liability under the guaranty.
The appellant also contends that the subordination agreement is a defense to the note personal to the corporate principal and therefore not available to the husband. See Powell v. Beatty, 110 Fla. 3, 147 So. 845 (1933).[1] We do not find this rule *80 applicable, however, because the subordination agreement does not operate as a defense but as a term in the promissory note itself which modifies the definition of when payment becomes due.
We therefore find no obligation to pay on the guaranty and affirm summary judgment in favor of the corporation and the husband.
Affirmed.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] As a general rule, the extinction of the principal obligation extinguishes that of the guarantor. There is a distinction, however, between exceptions to a contract that are personal to the principal and exceptions which affect the contract itself. Fraud, illegality or mistake, which may rescind the contract of the principal discharge the surety. But if the invalidity of the contract rests upon reasons personal to the principal, in the nature of a privilege or protection, the principal acquires a personal defense against the contract, but as the contract still exists the guarantor may be charged. See Powell v. Beatty, 110 Fla. 3, 147 So. 845 (1933).