912 So.2d 1260 (2005)
BANKATLANTIC, Appellant,
v.
Alan BERLINER, Appellee.
No. 4D04-1106.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
Eric B. Zwiebel of Eric B. Zwiebel, P.A., Plantation, for appellant.
Douglas C. Hiller of the Law Offices of Murphy & O'Brien, Miami, for appellee.
*1261 TAYLOR, J.
Appellant, BankAtlantic, timely appeals from a final order of the trial court granting appellee, Alan Berliner's, motion to compel entry of satisfaction of judgment. We reverse.
Berliner and Anthony Fareri, president of 24 Hour Protective Corporation ("24 Hour"), signed separate commercial guaranties guaranteeing the payment of the indebtedness of 24 Hour with respect to two promissory notes totaling $60,000 payable to BankAtlantic. Berliner's guaranty states in pertinent part:
CONTINUING UNLIMITED GUARANTY. Berliner absolutely and unconditionally guarantees and promises to pay to BankAtlantic, ... the indebtedness of 24 hour Protective Corp. ...
* * * * * *
NATURE OF GUARANTY. Guarantor's liability under the Guaranty shall be open and continuous for so long as this Guaranty remains in force. Guarantor intends to guarantee at all times the performance and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of all indebtedness. Accordingly, no payments made upon the indebtedness will discharge or diminish the continuing liability of Guarantor in connection with any remaining portions of the indebtedness or any of the indebtedness which subsequently arises or is thereafter incurred or contracted.
* * * * * *
DURATION OF GUARANTY. This Guaranty ... will continue in full force until all indebtedness incurred ... shall have been fully and finally paid and satisfied and all other obligation of Guarantor under the Guaranty shall have been performed in full.... Release of any other guarantor or termination of any other guaranty of the indebtedness shall not affect the liability of Guarantor under this Guaranty.... This Guaranty is binding upon Guarantor ... so long as any of the guaranteed indebtedness remains unpaid.
* * * * * *
GUARANTOR'S AUTHORIZATION TO LENDER. Guarantor authorizes Lender ... without lessening Guarantor's liability under this Guaranty, from time to time: (d) release, substitute, agree not to sue, or deal with any one or more of Borrower's ... other guarantors.
When 24 Hour defaulted on the notes, BankAtlantic sued 24 Hour, Fareri, and Berliner in the same action. The trial court entered an "Amended Final Judgment for Default in Settlement Stipulation" against Fareri and 24 Hour, but dismissed Berliner without prejudice. The judgment against 24 Hour and Fareri was entered jointly and severally without any indication that Fareri was secondarily liable.
After Fareri and 24 Hour breached the settlement stipulation, BankAtlantic sued Berliner separately and obtained a judgment against him for $79,521.65. The judgment entered against Berliner also did not indicate that he was secondarily liable.
Soon thereafter, BankAtlantic entered into a joint stipulation in full and final satisfaction of the debt with 24 Hour and Fareri. Berliner was not a party to this settlement nor did he agree to it. In accordance with the terms of the stipulation, BankAtlantic's counsel filed and recorded a satisfaction of judgment stating that the judgment against 24 Hour and Fareri had been satisfied in full. BankAtlantic then continued its collection efforts against Berliner with a garnishment proceeding. In the motion for writ of garnishment, *1262 BankAtlantic stated that it had an outstanding judgment against Berliner in the amount of $79,521.65 but that the amount due had been reduced to $14,521.65.
Berliner challenged enforceability of the judgment against him and, in response to the motion for writ of garnishment, he filed a motion to compel entry of satisfaction of judgment. The court granted Berliner's motion and ordered BankAtlantic to enter a satisfaction of judgment within thirty-five days of the date of the order. BankAtlantic appeals from that order.
BankAtlantic argues that the trial court erred in granting Berliner's motion to compel entry of satisfaction of judgment because the release of 24 Hour and Fareri did not constitute a release of Berliner. The bank contends that the trial court failed to apply the well settled law in Florida pertaining to the doctrine of merger and the consequence of failing to specify in a final judgment those parties who are primarily and secondarily liable. It argues that the trial court erred in looking behind the final judgment entered against Berliner in making its ruling.
The issue is whether a guarantor against whom a final judgment has been obtained remains liable on the debt guaranteed, once a satisfaction of judgment has been filed in favor of the obligor and another guarantor. BankAtlantic argues that Berliner, as guarantor, remains liable because the release of 24 Hour and Fareri did not constitute a release of Berliner's obligation under the guaranty. See Vernon v. Serv. Trucking, Inc., 565 So.2d 905 (Fla. 5th DCA 1990) (holding under very similar facts that the release of one judgment debtor does not release the other judgment debtors). BankAtlantic contends that once it obtained a judgment against Berliner, he became jointly and severally liable on the promissory notes. See Diamond R. Fertilizer Co. v. Lake Packing P'ship, 743 So.2d 547 (Fla. 5th DCA 1999) (holding that when a judgment has been secured against the debtor and guarantor, the cause of action sued upon loses its identity, since it merges into the judgment); Vernon, 565 So.2d at 907 ("Since the court did not determine in the judgment who was primarily and who was secondarily liable, under the merger doctrine all judgment debtors are jointly and severally liable."). BankAtlantic contends that release of the obligor and one of the guarantors did not operate as a release of Berliner.
Berliner counters that once BankAtlantic filed the satisfaction of judgment and released 24 Hour and Fareri, the release constituted a release of Berliner since he was a guarantor. See Amerishop Mayfair, L.P. v. Billante, 833 So.2d 806, 809 (Fla. 3d DCA 2002) ("The law is settled that the release of the debtor constitutes a release of the guarantor; [t]his is because where the debtor has been released, there is nothing left for the guarantor to secure."); Ulrich v. Ulrich, 603 So.2d 78, 80 (Fla. 2d DCA 1992) ("As a general rule, the extinction of the principal obligation extinguishes that of the guarantor."); Matey v. Pruitt, 510 So.2d 351 (Fla. 2d DCA 1987) (holding that once the primary debt is fulfilled by payment of the judgment, the guarantor's obligation ceases to exist).
However, the above cases cited by Berliner are factually distinguishable from this case. For example, Amerishop Mayfair is distinguishable because in that case the primary obligor was released before suit was filed against the guarantors. The court found that because there was no contractual agreement by the guarantor to remain liable after the release of the primary obligor, the general rule that the release of the primary obligor releases the guarantor applied. Here, final judgment *1263 was obtained against all relevant parties before the settlement and release occurred. Ulrich is likewise distinguishable because the events that affected the enforceability of the guarantor occurred prior to suit being filed to enforce the guaranty.
Although the Matey case is factually similar to this case in that a judgment was entered before it was settled, it, too, is distinguishable. In Matey, a judgment was entered against the makers of the note. It was also entered against the guarantor of the note jointly and severally. The maker who paid the judgment then sought contribution from the other maker and the guarantor. Although the court discussed the differences between makers and guarantors of obligations and how release of the maker affects the liability of the guarantor, its ruling was to determine the amount of contribution the party who paid the judgment was entitled to receive from others liable pursuant to the judgment, which included the guarantor. The court held that once the debtor's obligation had been satisfied, the debtor could not then collect contribution from the guarantor. Id. at 353.
Vernon, cited by BankAtlantic, appears to be more on point. In Vernon, the maker, Nature-Ripe Services, executed and delivered to appellee, Service Trucking, two promissory notes. The notes were guaranteed by several guarantors, two of which were the Vernons. When the notes were not paid, Service Trucking brought suit and received a judgment against all the guarantors "jointly and severally." That judgment, as in this case, did not classify the judgment debtors. Thereafter, the judgment was partially satisfied by two of the judgment debtors. Thus, when Service Trucking tried to collect against the Vernons, they moved to compel satisfaction of judgment as to themselves claiming, among other things, that upon the satisfaction of the judgment against the maker, those secondarily liable must also be released. The court disagreed, stating:
The judgment was in error in failing to "specify the defendants who are liable for payment only as endorser, surety, guarantor or otherwise secondarily." [§ 46.041(2), Fla. Stat. (1987) ] However it was not in error in finding the defendants "jointly and severally" liable.
A liability is said to be joint and several when the creditor may sue one or more of the parties to such liability separately, or all of them together at his option. [Black's Law Dictionary, 5th Edition.] Section 46.041(1), Florida Statutes (1987) permits the holder to sue the guarantor in the same action as the maker; Section 673.416(1) Florida Statutes (1987) permits the holder to sue the guarantor separately. See Deese v. Mobley, 392 So.2d 364 (Fla. 1st DCA 1981).
This does not mean, however, that the holder can release one of the joint obligors and yet retain his claim against the other.
...
Had the release occurred prior to final judgment, appellant would prevail under the provisions of Section 673.606(1)(a), Florida Statutes (1987). However, a debt reduced to final judgment merges into the final judgment and loses its prejudgment identity. See Gilpen v. Bower, 152 Fla. 733, 12 So.2d 884 (1943).
565 So.2d at 906-07. The court cited to Stephen Bodzo Realty v. Willits Int'l Corp., 428 So.2d 225 (Fla.1983), in which the Florida Supreme Court abrogated the common law rule that the release of one joint obligor released all other obligors. Id. The court thereafter held that "[s]ince *1264 the court did not determine in the final judgment who was primarily and who was secondarily liable, under the merger doctrine all judgment debtors are jointly and severally liable. The release of one does not release the others." Vernon, 565 So.2d at 907; see also McNair v. Megabank, Inc., 547 So.2d 207 (Fla. 3d DCA 1989).
Here, BankAtlantic obtained judgments, albeit separately, against 24 Hours, Fareri, and Berliner. Although Berliner was sued separately, the judgment against him did not specify that he was secondarily liable. In addition, although the trial court may have erred in failing to specify whether Berliner was secondarily liable, Berliner failed to appeal the judgment as the debtor did in Vernon. Once a judgment was obtained and became final, the underlying cause of action on the original debt lost its identity. The underlying cause having lost its identity, Berliner was no longer a guarantor of the debt, but, instead, was primarily liable on the judgment. See Desrosiers v. Russell, 660 So.2d 396 (Fla. 2d DCA 1995) (holding that when two or more persons have bound themselves as guarantors, they are generally presumed to be equally liable for proportion of liability on note guaranteed).
Further, the language contained in the guaranty agreement here indicates that the guaranty is absolute and that the guarantor is liable even if the debtor is discharged from liability. The guaranty specifically states that "[r]elease of any other guarantor or termination of any other guaranty of the indebtedness shall not affect the liability of Guarantor under this Guaranty." See United States v. Beardslee, 562 F.2d 1016 (6th Cir.1977), cert. denied, 439 U.S. 833, 99 S.Ct. 113, 58 L.Ed.2d 128 (1978) (holding the guarantors liable despite the discharge of the debtor). Here, the parties apparently contemplated a situation where BankAtlantic might settle or compromise a claim against one or more of the guarantors, with the guaranty remaining and continuing in full force and effect against another guarantor.
In sum, although Berliner was sued separately from the maker and the other co-guarantor of the obligation, the judgment against Berliner did not specify that he was secondarily liable. Berliner's status as a secondary obligor merged into the judgment and lost its prejudgment identity, causing Berliner to remain liable to BankAtlantic for the balance of the obligation. Accordingly, we reverse the order of the trial court granting Berliner's motion to compel entry of satisfaction of judgment and remand this cause for further proceedings.
Reversed and Remanded.
WARNER and KLEIN, JJ., concur.